# DECISIONS

OF THE

# SUPREME COURT OF FLORIDA,

AT

# JANUARY TERM, 1850.

R. B. & D. W. POST, PLAINTIFFS IN ERROR, VS. WILLIAM S. CARPENTER, ET AL.,.

Under the Attachment law of this State, there is no priority given to attaching creditors whose attachments have been first levied, if the judgments in the suits commenced by attachment were obtained at the same term of the Court.

The statute which declares that the service of a writ of attachment shall bind the property attached except against pre-existing liens, is further qualified by the provision "that a judgment in a suit commenced by attachment shall be satisfied in the same manner as other judgments obtained at the same term of the Court are, or shall be satisfied out of the lands and tenements, goods and chattels generally of the defendant in attachment."

Error to the Circuit Court of Wakulla County.

The plaintiffs in error sued out a writ of attachment which was levied by the sheriff of Wakulla County upon about seventy bales of cotton as the property of Wm. S. Carpenter, an absconding debtor. On the same day, but after the levy of plaintiffs' attachment, several other creditors of Carpenter attached the same cotton. The cotton was sold by order of the Court, and the money, the proceeds of sale, was paid into the registry of the Court.

Judgments were obtained in the various suits thus commenced by attachment, at the same term of the Circuit Court of the County of Wakulla, Hon. THOMAS BALTZELL, Judge of the Middle Circuit presiding.

The proceeds of the sales of the cotton not being sufficient to pay the debts due all the attaching creditors who had thus obtained judgments, the plaintiffs in error claimed priority on the ground that their

1

attachment was first levied and bound the property, and was there-fore entitled to be first satisfied. The question was argued in the Court below, on a rule upon the clerk (who had in his hands the proceeds of the sales of the cotton) to show cause why the same should not be applied first to the payment of the claim of plaintiffs in error, and after satisfying that, then to the claims of the other cred-itors in the order in which their attachments were levied.

The Court below decided that the moneys should be distributed *pro rata.* To reverse this decision the plaintiffs brought the case to this Court by writ of error.

*Maxwell, Papy* and *Hogue,* for plaintiffs in error.

*Long & Walker* and *Archer,* for defendants.

HAWKINS, J.

The case at bar depends upon the interpretation of the statutes governing attachments, and we are free to confess that, owing to their singular phraseology, we have found it not a very easy task to arrive at a satisfactory conclusion. We have given the subject proper re-flection, and have endeavored to arrive at what we deem to have been the intention of the Legislature which enacted the statutes. The question is, where there are several attaching creditors, who obtained judgments at the same term, do they participate *pro rata* in the pro-ceeds of the property attached, or do they take according to the priority of the levy of the several attachments ?

On page 368 of the Digest, Article 1, Section 2, is the following : " The service of a writ of attachment shall not operate to dispossess the tenant of any lands or tenements, but such service shall bind the property attached, except against pre-existing liens ; but the judgment in a suit commenced by attachment, shall be satisfied in the same manner as other judgments obtained at the same term of the Court are, or shall be, satisfied, out of the lands and tenements, goods and chattels generally, of the defendant in attachment : *Provided, how-ever,* That judgments rendered against any garnishee or garnishees in said suit shall be appropriated exclusively to the satisfaction of the judgment rendered against the defendant, commenced by attachment as aforesaid." If the section had ceased, after the words " pre-existing liens," there would be no difficulty, and it would be plain that the liens would be specific, subject to the general exception,

" pre-existing liens ;" and the several attachments would take preference according to the maxim, *prior est tempore potior est jure.*     But it goes on to say, " that a judgment in a suit commenced by attachment shall be satisfied in the same manner as other judgments obtained at the same term of the Court are, or shall be satisfied, out of the lands and tenements, goods and chattels generally, of the defendant in attachment."     Now, what is the fair import of these words ? We are of opinion that they must be understood as further qualifying the lien contained in the first clause of the section, by the addition of another exception, to wit : judgments obtained at the same term of the Court, whether obtained after the service of attachment or of ordinary process.     We think it was the intention of the Legislature to place judgments obtained at the same term, whether the suits in which they were obtained were instituted by attachment or ordinary summons, upon the same footing.     We are fortified in these views by the words of the proviso.     The words, " exclusively applied," certainly must have been introduced in it to show that the proceeds of judgments against garnishees were to have other and distinct application from those contained in the body of the section, to wit : a general application ; whereas, in cases of garnishments, they were to be specifically applied.

We find further, in page 370 of Thompson's Digest, the following section : " If there be two or more suits commenced by attachment against the same person, and several judgments be obtained at the same term, they shall be satisfied *pro rata* out of the judgments which may have been obtained against the garnishee or garnishees in any such suits, unless the defendant or defendants in such suits have sufficient other property to satisfy the same."     This section seems to be but an addition to the one already quoted, and declares a *"pro rata"* distribution out of the judgments obtained against garnishees at the same term.     It seems intended to supply a defect in the proviso of the section first set forth, which only provided for one judgment against garnishees ; whereas this section embraces any number of judgments obtained against garnishees at the same term, and declares, where there is more than one judgment, or several judgments, they shall be satisfied *pro rata.*     This law of attachment being in derogation of the common law, we are not disposed to extend its provisions beyond the manifest meaning of its terms ; and we should be loath so to extend

them as to give a preference to attaching creditors over those who pursue the ordinary process of law, unless the statute contained clear and unequivocal words to that effect. We believe we have given what was the intention of the framers of the law, and by so doing, have avoided a construction likely to operate unjustly and unequally.

We think, therefore, that there was no error in the decision of the Court below, and the judgment of that Court stands affirmed.