LEWIS EDMONS, *Appellant,* v. LUTHER C. GRACY, *Appellee.*

1. Courts of equity may enforce the specific performance of contracts for the conveyance of real estate, owing to the nature and uses of such property, or may foreclose rights growing out of the contracts, when the application of principles of law to the facts and circumstances of particular cases warrant it.

2. Where a contract for the sale of land is in the form of a bond for title given by the vendor conditioned on the performance of the vendee's promises, a court of equity may upon a breach of the contract by the vendee foreclose his rights thereunder; and in granting appropriate relief may at the instance of the vendor who retained title, order a sale of the property where it will not be inequitable to the vendee in possession.

This case was decided by Division A.

Appealed from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

38 Vol. 61

*W. S. Broome,* for Appellant;

*Chris Matheson,* for Appellee.

WHITFIELD, C. J.—The appeal herein was taken to an order overruling a demurrer to an amended bill of complaint which in substance alleges that Gracy executed to Edmons a bond for title to described real estate; that Edmons took possession and made part payments, then forfeited his rights by failing to complete the payments and to pay taxes and insurance on the property as agreed, and refuses to deliver possession to the complainant vendor who offers to perform his part. It is prayed that the contract of sale be foreclosed, that an accounting be had, and upon failure of the vendee to pay, that the land be sold and the rights of the vendee therein foreclosed; and also that appropriate general relief be granted.

On the demurrer it is contended that the remedy at law is adequate and that foreclosure is inappropriate, since the title remains in the vendor.

Courts of equity may enforce the specific performance of contracts for the conveyance of real estate, owing to the nature and uses of such property, or may foreclose rights growing out of the contracts, when the application of principles of law to the facts and circumstances of particular cases warrant it. Where a contract for the sale of land is in the form of a bond for title given by the vendor conditioned on the performance of the vendee's promises, a court of equity may upon a breach of the contract by the vendee foreclose his rights thereunder; and in granting appropriate relief may at the instance of the vendor who retained title, order a sale of the property where it will not be inequitable to the vendee in possession. Where under a contract for the sale of real estate, the vendee is given possession as a purchaser, and after making part pay-

ments of the purchase price, he fails to complete the con-
tract as expressly stipulated, the vendee may have an equi-
table right to require a conveyance of the title upon com-
pliance with his part of the contract and upon doing
equity within a reasonable time during or after the expi-
ration of the contract period where under the contract
time is not equitably essential. And upon the default of
the vendee the vendor has the correlative right to an
equitable enforcement of the contract by requiring the
payment of the consideration within a reasonable time,
or in default thereof to have the rights of the vendee under
the contract foreclosed. In these cases the court will
make such a decree as the particular allegations and
proofs may warrant. Even though the specific relief
prayed may be found to be inequitable or impracticable,
where there is a prayer for general relief, and appropriate
relief thereunder may be equitably granted consistently
with the allegations and the specific relief prayed, a de-
murrer to the bill of complaint is properly overruled. See
McKinnon v. Johnson, 54 Fla. 538, 45 South. Rep. 451; 3
Pomeroy's Eq. Jur., sections 126-1262; 6 Pomeroy's Eq.
Jur. sections 746, 862-3; 26 Am. & Eng. Ency. Law (2nd
ed.) 106; 2 Tiffany on Real Property, section 566; 1 War-
velle on Vendors, sections 131-739; Lee v. Patten, 34 Fla.
149, 15 South. Rep. 775.

The allegations of the bill of complaint are sufficient to
show an equity upon which an appropriate decree may be
made consonant with the equities of the case as they ap-
pear, and the order overruling the demurrer is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the
opinion.