J. E. EASTERLY, *Appellant,* v. DOROTHEA WILDMAN
*Appellee.*

Opinion Filed January 31, 1924.

This case was decided by Division B.

1. In equity, but not at law unless the disability to do so has been removed by statute, where the interest of husband and wife are conflicting, either is allowed to maintain a suit against the other as if they were unmarried.

2. If matter contained in an answer in a chancery cause is relevant and can have any influence upon the decision of the subject-matter of the controversy, it is not impertinent and should not be stricken.

3. While ambiguity in a pleading should be constructed against the pleader, yet where, under the allegations or averments of the pleading, a cause of action or defense may fairly be proved by pertinent evidence, the pleading should not be stricken.

4. Where the facts of the particular case warrant it, the doctrine of estoppel may be applied to married women with reference to transfers of their separate property.

5. Statutes of set-off, being regarded as remedial acts tending to prevent circuity of action and thus settle controversies speedily, are to be liberally construed.

An Appeal from the Circuit Court for Brevard County, James W. Perkins, Judge.

Reversed.

*James I. Mitchell* and *Massey & Warlow,* for Appellant;

*Landis, Fish & Hull* and *Erskine W. Landis,* for Appellee.

WEST, J.—This a suit in equity on a promissory note. The defendant makers of the note are H. F. Wildman and J. E. Easterly, co-partners doing business under the firm name of Brevard Construction Company, Dorothea Wildman, complainant payee, is the wife of Defendant H. F. Wildman, who made no defense to the suit and a decree pro confesso was in due course entered against him. Defendant J. H. Easterly filed an answer to the bill of complaint. Several paragraphs of this answer upon motion were stricken. From the order granting the motion to strike this appeal was taken. The order appealed from is assigned as error.

By the fourth paragraph of his answer, which was stricken; defendant Easterly averred: "that on the 19th day of February, 1921, the defendant H. F. Wildman, and this defendant entered into and executed a written agreement under and by virtue of which the co-partnership existing between them under the firm name and style of Brevard Construction Company be dissolved, a copy of which said agreement is hereto attached, marked "Exhibit A" and made a part of this answer; that by the terms of said agreement this defendant became the liquidating partner, that is to say, he took over all the personal property, accounts, equipments, sawmill, engines, mules, steel forms, concrete buggies, wheelbarrows, all lumber then manufactured or in process of manufacture, and all things whatso ever theretofore used in the business, without further claim of the defendant, H. F. Wildman, except, however, that said H. F. Wildman should have the option of assuming payment of the obligations due S. F. Williams, of Jacksonville, Florida, and settle with him in full and keep the

said concrete mixer and forms, or this defendant to pay the said obligation of the said Williams and take the said mixer and forms. It was also understood, and it was provided by the terms of the said agreement that the said promissory note for Fifteen Hundred Dollars, given by said Brevard Construction Company to Mrs. H. F. Wildman, the complainant, on June 2nd, 1920, should be delivered to this defendant marked paid in full. This defendant further says that the complainant, who was the then holder of the said note, *well knew* and was familiar with the provisions in the said agreement to the effect that said note for Fifteen Hundred Dollars, held by her, as aforesaid, should be delivered to this defendant, marked paid in full as aforesaid, and that she did then and there *accede and consent* that the said note should be delivered to this defendant, as aforesaid; that the said note was not delivered to this defendant at the time of the execution of the said agreement as provided therein, but the defendant, H. F. Wildman, stated to this defendant that the note was at the home of the complainant; that she had agreed to deliver it when called for, and that he could get it at any time he would go after it; that about one week after the execution and delivery of the said agreement this defendant went to the home of the complainant and requested the delivery of the said note; that the defendant, H. F. Wildman, in the presence of the complainant placed a box containing a number of papers in this defendant's car and stated that the note and all papers pertaining to the said partnership business were in the box; that on the same day and immediately upon arriving at this defendant's home he examined the papers in the box and failed to find the said note among them; that he immediately returned to the home of H. F. Wildman and the complainant and stated to the complainant that the note was not with the papers in the box Mr.

Wildman placed in this defendant's car aforesaid; that the complainant did then and there say to this defendant, that all of the papers belonging to the said partnership business were placed in the box by her, and that if the note was not in the box it was destroyed; that she had burned all of the papers belonging or pertaining to the said partnership business except those that were in the box which was placed in this defendant's car as aforesaid." Continuing, the paragraph avers in substance that, because of her knowledge of and acquiesence in the agreement to surrender the note to defendant J. E. Easterly and her subsequent representation to him of its destruction, when demand was made for it, she is estopped from now enforcing its payment in a court of equity. The paragraph also contains a prayer that the note be delivered up for cancellation.

The suit is in equity because of the marital relation existing between the complainant and one of the defendants. 30 C. J. p 951.

It is well established in this jurisdiction that if matter contained in an answer in a chancery cause is relevant and can have any influence upon a decision of the issue involved in the controversy, it is not impertinent and should not be stricken upon motion. Canal Lbr. Co. v. Florida Naval Stores & Mfg. Co., 83 Fla. 501; 92 South. Rep. 279; Walker v. Am. Agr. Chem. Co., 83 Fla. 153, 90 South. Rep. 696; Stokely v. Connor, 80 Fla. 89, 85 South. Rep. 678; Southern Ferro Concrete Co. v. Federal Terra Cotta Co., 79 Fla. 376, 84 South. Rep. 171; Campbell v. Wilson, 74 Fla. 608, 77 South. Rep. 540.

There is sufficient in what is averred in the stricken paragraph of the answer to permit the introduction of evidence tending to prove knowledge of the complaint of the agreement having for its object a dissolution of the partnership existing between the defendants, and acquiescence

therein by her amounting to an agreement to surrender the note sued on to defendant J. E. Easterly, as a material element of the dissolution settlement, and of subsequent conduct by her which, if relied upon, would tend to estop her from asserting that the note is a subsisting obligation enforcible in a court of equity against the defendant makers. National Surety Co. v. Williams, 74 Fla. 446, 77 South. Rep. 212; Johns v. Bowden, 68 Fla. 32, 66 South. Rep. 155; Tampa & Jacksonville Ry. Co. v. Crawford, 67 Fla. 77, 64 South. Rep. 437. Where the facts of the case warrant it, the doctorine of estoppel may be applied to married women. McNeil v. Williams, 64 Fla. 97, 59 South. Rep. 562; Cross & Johnson v. Elliott, 64 Fla. 318, 59 South. Rep. 944. We think, therefore, that there was error in the order striking the portion of the answer in which this defense to the suit was sought to be interposed.

This paragraph of the answer averred also, by way of set-off to complainant's claim, several items of indebtedness due by her to the partnership accruing, according to the averments of the answer, subsequent to the execution of the note to her by the defendant makers, who constituted the partnership. By statute this procedure is allowable, and there is sufficient in the answer to admit evidence of the set-off averred. Sec. 3120, Rev. Gen. Stat; Southern Ferro Concrete Co. v. Federal Terra Cotta Co., supra; Bates v. Lanier, 75 Fla. 79, 77 South, Rep. 628.

The controlling principle in the case is whether the complainant by her conduct is estopped from asserting that the note upon which she sues is a valid and subsisting obligation to the co-partnership. The defense interposed is not an attempt to subject the property of a married woman to the debts of her husband. If she by her conduct has estopped herself from asserting in a court of equity the

validity of her claim, the fact that she is a married woman
is immaterial.

The order appealed from is reversed.

TAYLOR, C. J. and ELLIS and BROWNE, J. J., concur.

WHITFIELD and TERRELL, J. J., dissent.

WHITFIELD, J., dissenting.

The motion to strike portions of the answer is not for
impertinence, but under Section 3122 Revised General
Statutes of 1920, is used, instead of an exception, to "test
the sufficiency of the same," as a defense to the suit; and
though the court granted the motion to strike, it expressly
allowed time for amendment.

If a delivery of the note marked paid was to pay the
husband's debt, the note was not so transferred as to be a
written agreement by the wife to pay her husband's debt.
Sec. 1, Art. XI Const. There was no delivery or transfer
of the note by the wife or her husband. Apparently the
husband did not have possession of the note for disposition
or other purpose.

The portion of the answer relating to the note that was
stricken with leave to amend, does not aver a consideration
passing to the married woman for her "consent" that the
note owned by her should be delivered to the appealing
defendant, or that the note was delivered by the husband
and wife jointly or severally to surrender or to pass title,
or that such defendant acted on the faith of the wife's
alleged "consent" to his detriment. While the portions
of the answer that were stricken with leave to amend, were
not irrelevant or impertinent, they do not appear to be

sufficient as a defense to the suit; and the order to strike with leave to amend as provided by the statute is not clearly erroneous. The portion of the answer relating to set-offs that was stricken with leave to amend does not clearly appear to cover liabilities of the wife for which under the constitution her separate property may be subjected. Sec. 2, Art. XI Const.

If the appealing defendant has a sufficient defense or a proper set off, it may be duly alleged under the permission given to amend the answer.