PONCE DE LEON FOUNTAIN OF YOUTH COMPANY, A CORPORATION, *Plaintiff in Error,* v. LYONELLA MURAT DAY, *Defendant in Error.*

En Banc.

Opinion Filed July 24, 1925.

Petition for Rehearing Denied September 25, 1925.

1. Where the facts of the particular case warrant it, the doctrine of estoppel may be applied to married women with reference to transfers of their separate property.

2. Where a married woman applies for and obtains from a court of general and competent jurisdiction, a decree of absolute

divorce in which decree the plaintiff's maiden name is "restored to her" and it is decreed that "she shall be henceforth known and called by" her maiden name, and she thereafter for a valuable consideration and in her maiden name, conveys her individual real estate in fee simple, she is estopped in an action of ejectment brought by her, to assert that the decree of divorce is void, and her conveyance did not carry her title to her grantee, no fraud being involved.

A Writ of Error to the Circuit Court for St. Johns County; George Couper Gibbs, Judge.

Reversed.

*George W. Bassett, L. W. Nelson,* and *Kay Adams & Ragland,* for Plaintiffs in Error.

*Baldwin & Vetter,* for Defendant in Error.

WHITFIELD, J.—It appears that Lyonella Murat Day, a maiden lady, married Edward McConnell, and was known as Luella Day McConnell. In the latter name, while she was the wife of Edward McConnell, she acquired in 1913 title to described real estate. Subsequently she applied for and in 1915 obtained a divorce from Edward McConnell on the ground of desertion, the decree of divorce authorizing her to resume her maiden name of Lyonella Murat Day. Thereafter, in her maiden name of Lyonella Murat Day, she in 1919 conveyed the said real estate in fee simple to ''Herman J. Boos, President of Ponce de Leon Fountain of Youth Hotel Company and of the County of Suffolk and State of Massachusetts,'' and Herman J. Boos, joined by his wife, conveyed the land to the ''Ponce de Leon Fountain of Youth Company, a corporation organized under the laws of the State of Florida and having its usual place of business in St. Augustine in said State of Florida.''

In an action of ejectment brought in 1922 by Lyonella Murat Day against the Ponce de Leon Fountain of Youth Company, a corporation, to recover the land she had conveyed to Boos who conveyed to defendant, the court on objection by the plaintiff excluded from evidence the divorce decree and the deeds of conveyance from the plaintiff to Boos and from Boos to the defendant. This was done apparently upon the theory that the decree of divorce was void because the affidavit upon which constructive service was had on the defendant in the divorce suit, did not strictly comply with the statute, and that the deed of conveyance by Lyonella Murat Day to Boos, not being joined in by Edward McConnell, to whom she had been married, was void, and that consequently the deed of conveyance from Boos to the defendant carried no title. Verdict for the plaintiff was directed and judgment thereon was rendered for plaintiff, to which the defedant took writ of error.

The plaintiff applied for and in 1915 obtained from a court of general and competent jurisdiction, a decree of absolute divorce in which decree it was "further ordered, adjudged and decreed that the complainant's maiden name of Lyonella Day be and the same is hereby restored to her, and she shall be henceforth known and called by the name of Lyonella Murat Day."

After this, in 1919, the plaintiff for recited valuable considerations, conveyed in the name of Lyonella Murat Day, her individual real estate to Boos, President, &c., "and his heirs and assigns forever," "to have and to hold the same in fee simple forever." Under these circumstances the plaintiff below will not be heard to say that the decree of divorce that she sought and obtained is void and that her subsequent conveyance of her individual real estate, using her maiden name which the divorce decree "restored to her," did not convey her title to her grantee, no fraud being

involved. See 19 C. J. 378 and notes; Robinson v. Robinson, 77 Wash. 663, 138 Pac. Rep. 288, 51 L. R. A. (N. S.) 534 and notes; 15 R. C. L. pp. 960, 961.

Where the facts of the particular case warrant it, the doctrine of estoppel may be applied to married women with reference to transfers of their separate property. Easterly v. Wildman, 87 Fla. 73, 99 South. Rep. 359; Johnson v. Elliott, 64 Fla. 318, 59 South. Rep. 944.

Even though the deed of conveyance by Lyonella Murat Day to Boos does contain a limitation over that if valid might or might not create a contingent interest in the property for other parties, such purported limitation over does not deserve or retain any rights in the grantor; and neither the purported limitation nor subsequent conveyances by Boos can impair the efficacy of the deed executed by Lyonella Murat Day to convey to Boos all the grantor's title to the lands. To recover in this case the plaintiff must show title in herself.

In Wilkins v. Lewis, 78 Fla. 78, 82 South. Rep. 762, it was held that a married woman, a defendant in a foreclosure suit against her and her husband, was not estopped by a mortgage on her property executed only by her and in her name as a widow when she was in fact a married woman. No process of the court was used or abused in the question of fact involved.

In this case the grantor sought and obtained from a proper court an absolute divorce from her husband and a decree restoring her maiden name, and thereafter availed herself of the benefits of the decree of the court by using her maiden name in conveying her individual real estate for a valuable consideration and apparently without fraud or overreaching on the part of the grantee. After invoking the process of the court and utilizing a decree granted in

her favor and at her request, she will not be permitted to collaterally impeach the validity of the decree.

Reversed.

WEST, C. J., AND TERRELL, STRUM AND BROWN, J. J., concur.