This cause having heretofore been submitted to the Court upon the transcript of the record of the decree herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said decree; it is, therefore, considered, ordered and adjudged by the Court that the said decree of the circuit court be, and the same is hereby affirmed.
Affirmed.
 TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur. *Page 547 
 ON PETITION FOR REHEARING Opinion filed November 13, 1929.
1. Courts of equity may enforce specific performance of contracts for sale and conveyance of real estate, or may foreclose rights growing out of contract, when the application of principles of law to the facts and circumstances of particular cases warrant it.
2. Where vendee fails to make payments under a binding contract for sale and conveyance of land and vendor stands ready, able and willing and offers to perform on his part a court of equity may ascertain the amount due complainant for principal and interest, and order and direct defendant, on or before a date fixed by the court, to perform the contract, and may further decree, when prayed for in the bill of complaint, that upon failure of defendant to perform, the said lands be sold at public outcry to satisfy said decree.
A Writ of Error to the Circuit Court for Dade County; Paul D. Barns, Judge.
R. A. Hendricks, for Appellant;
Willard Knight, for Appellees.