This suit seeks to require specific performance, on the part of purchaser, under contract for sale and conveyance of land, and upon failure to perform by a date to be named by the Court that complainant's vendor's lien be foreclosed by a sale of the property. Courts of equity may enforce such contracts. Morgan. v. Eaton, 59 Fla. 562, 52 So. R. 305; Edmons v. Gracy, 61 Fla. 593, 54 So. R. 899; McCaskill v. Dekle, 88 Fla. 285, 102 So. R. 252; Story's Equity (13th ed) Sec. 717. *Page 548 
Complainants agreed to furnish abstract showing good and marketable title to be conveyed, and defendant, the title being found good and marketable, agreed to buy and pay certain amounts in cash and secure the remaining purchase price to complainants by mortgage, payable in installments, upon the land. Complainants furnished abstracts of title and thereafter, defendants having made no objection to title shown by the abstracts and having failed to make payment under the contract, complainants brought this suit alleging they are ready, able and willing to convey to defendants and offering to do so, alleging also failure of defendants to perform, and praying that the defendants be required to perform, for an accounting, and upon failure of defendants to perform, that the property be ordered sold, and for other relief.
The court below, among other things, found and decreed the amount due the complainants for principal and interest on the date of the decree, including matured mortgage payments under the terms of the contract, and ordered and directed the defendants, on or before a date fixed by the court, to pay the same and execute and deliver to complainants a mortgage upon the lands described in the contract securing the unmatured payments with interest, under the terms of the contract, and further decreed, in accordance with the prayer of the bill, that upon failure of defendants to perform that the general master, to whom the case was previously referred, do sell the property at public outcry at a time, place and manner and after notice as is specifically set forth and provided for in the decree. This decree is in accord with the allegations and prayer of the bill, is supported by the evidence and was a proper decree under the case of McCaskill v. Dekle,supra.
Nothing has been presented by the petition which was *Page 549 
not considered by this court in affirming the decree of the lower court.
Rehearing denied.