E. F. ZETROUER, *Appellant*, v. H. CORRINE ZETROUER, *Appellee.*

149 So. 343.
Opinion filed May 24, 1933.
Re-hearing denied July 28, 1933.

*W. B. Dickenson,* for Appellant;

*Blanchard & Hoffman,* for Appellee.

BUFORD, J.—Appellee filed bill in equity against her husband, the appellant here, to enforce the payment of a promissory note. In the original bill of complaint the 6th paragraph reads as follows:

"That at the time said monies were loaned by your complainant as aforesaid, your complainant was and since has been and is now a married woman and the wife of the defendant and that the said sums of money so loaned, as aforesaid, by your complainant are a part of your complainant's separate estate and property, and that said notes so given to your complainant are a part of the separate estate and property of your complainant."

Later this paragraph of the bill was amended to read as follows:

"That at the time said monies were loaned by your complainant as aforesaid your complainant was and since has

been and is now a married woman and the wife of the defendant; and that said sums of money so loaned as aforesaid by your complainant came into her hands or control while Guardian of the minor child of one Charlie Thomas, deceased, and that said notes so given to your complainant were executed by the defendant to complainant upon receiving said loans out of the monies aforesaid, and that the said notes are held by her for the benefit of the minor heirs of said Estate. Your complainant further alleges that said monies so loaned to the defendant were monies in, to and over which the defendant had no interest or control."

There are a number of assignments of error presented, but the controlling question, and the only one which we deem of sufficient importance to discuss, is whether or not this amendment was such a departure from the right of action alleged in the original bill of complaint as to abate the suit. The contention is that by the amendment the complainant became party complainant in her representative capacity as a guardian and, therefore, had no standing in a court of equity because as guardian she had full, adequate and complete remedy at law.

The contention is not tenable because this allegation in the bill as amended does not convert the suit into one prosecuted in the name of a guardian; nor does it change in any manner the complainant's right to recovery; nor does it affect the defendant's liability. The only difference between the case as staged in the 6th paragraph of the original bill and in the 6th paragraph as amended is that originally the allegation was that the money loaned the defendant constituted the separate property of the complainant, while in the amended paragraph it is averred that it was money which had come into her hands as guardian for certain minor children and which she held in trust for

such minor children and over which the defendant had no interest or control.

There is no allegation that she loaned the money as Guardian. Neither is there anything in the record to show that she loaned the money as Guardian. All that this allegation shows is that the money had come into her hands as Guardian but that as an individual she assumed to loan the money to her husband and take his note for it. As Guardian, she had no right to loan the money without the formality of procuring the proper orders from the Probate Court and if without complying with the legal requirements in that regard she assumed to loan the money to her husband, she did it as an individual and she was answerable to her wards for the sum of money loaned.

Under the facts as disclosed by the record in this case, the complainant's proper forum was the Court of Chancery. See Easterly v. Wildman, 87 Fla. 73, 99 Sou. 359.

We have examined the record in view of the other assignments of error presented and find no reversible error. The decree should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, ELLIS and TERRELL, J. J., concur.

DAVIS, C. J., and BROWN, J., dissent in part.

DAVIS, C. J. (Dissenting in part).—I think there was error in the disallowance of credit for the college tuition of the step-daughter, Virginia. This amounted to $375.00 and the correctness of the credit was conceded by the complainant's own testimony. As Mr. Justice BUFORD has pointed out, Mrs. Zetrouer was not suing her husband as Guardian but as an individual. The money recovered is being recovered as an individual recovery but will become a fund charged with a guardianship trust. The question is not dependent for its solution upon any power of the

guardian to bind the ward Virginia's estate. The wife certainly had the right to bind herself for her daughter's support and she admits herself that they agreed to have this item credited against her claim. The rights of the daughter against her guardian are not here involved.

BROWN, J., concurs.