Elsie D. Wordinger, v. Charles T. Wirt, *et al.*

151 So. 47.
Division A.
Opinion Filed Nov. 20, 1933.

*Bussey, Mann & Barton,* for Appellant;

*Booth & Dickenson,* for Appellees.

Davis, C. J.—In a chancery suit for the strict foreclosure of a contract entered into between complainants and defendant for the sale and conveyance of lands, the Chancellor entered a final decree finding the amount due upon the contract, the amount remaining unpaid, ordered a sale for the amount of principal and interest then due, and in the decree prescribed that the sale directed to be made to satisfy installments of the purchase price then due and unpaid, should be subject to the lien of the complainant—vendor for a remaining balance unpaid but not due at the time of the decree, because of the absence of an acceleration clause from the vendor's contract which provided for payment of the purchase price in monthly installments of

$50.00 each until the whole should be paid. Upon appeal from the final decree, error is predicated upon the ruling as well as upon an antecedent ruling which permitted an amendment of the bill over defendant's protest.

Strict foreclosure of a vendor-vendee contract for the enforcement of the purchase price agreed to be paid, but remaining unpaid under such contract for the sale and conveyance of lands, is authorized in this State, and the right of the vendor to sue for same is supported by a number of our decisions. Smalley v. Sovereign Finance Co., 102 Fla. 32, 135 Sou. Rep. 558; Schmidt v. Kibben, 100 Fla. 1684, 132 Sou. Rep. 194; Edmons v. Gracy, 61 Fla. 593, 54 Sou. Rep. 899; Grentner v. Hays, 98 Fla. 547, 124 Sou. Rep. 816; Aycock Bros. Lumber Co. v. First Natl. Bank, 54 Fla. 604, 45 Sou. Rep. 501; Miami Bond & Mortgage Co. v. Bell, 101 Fla. 1291, 133 Sou. Rep. 547; Standard Lumber Co. v. Florida Industrial Co., 106 Fla. 884, 141 Sou. Rep. 729; Alabama-Florida Co. v. Mays, 111 Fla. 100, 149 Sou. Rep. 61.

We think the amendment to the bill of complaint was properly allowed under Section 26 of Chapter 14658 (1931 Chancery Act), Section 4902 (7), 1932 Supplement Compiled General Laws, as well as on the authority of what was said in Griffin v. Societe Anonyme La Floridienne, 53 Fla. 801, 44 Sou. Rep. 342, wherein this Court said:

"Where upon the final hearing, it clearly appears from the evidence that the complainant has a case which entitles him to relief, but which by reason of some defect or omission in the allegations of the bill, is not brought fairly within the issue, he will generally be permitted to amend the bill, and adapt its allegations to the case as proven; but when the proposed amendment would change the issue, or introduce

new issues, or materially vary the grounds of relief, generally an amendment of the bill is not permissible."

As finally amended, the bill of complaint presented a typical case for strict foreclosure of the alleged contract by which it appeared that complainant had agreed to sell certain lands to the defendant, and defendant, in consideration thereof, had agreed to pay for same at the rate of $50.00 per month until a total purchase price of $6,000.00 should have been paid, the total payments made before institution of suit having amounted to $3,084.15.

In rendering the final decree, the Chancellor appears to have applied to this case the principles of law heretofore held applicable to foreclosure of mortgages in cases where suits to foreclose are brought before all installments of the mortgage debt are due, and there is in the mortgage no acceleration clause to precipitate the maturity of the unpaid balances. See Miami Mtge. & Guaranty Co. v. Drawdy, 99 Fla. 1091, 127 Sou. Rep. 323. Appellants contend that this was error, but we do not think so.

Whether the debt for which foreclosure is prayed be a mortgage debt, or a debt due for the purchase price of lands covered by an executory contract between vendor and vendee that is subject to strict foreclosure, the underlying principles supporting a *limited* foreclosure for the accrued installments of the debt due, are the same in each case. Hence we perceive no good reason why what was said in Miami Mtge. & Guaranty Co. v. Drawdy, *supra,* should not be held applicable to a case like the present, which is for strict foreclosure of the installments due, under a vendor's contract, instead of under a mortgage lien. We hold, therefore, that in either class of cases, the complainant has a clear right to take a decree to sell the property involved for satisfaction of what is already due, subject to what-

ever balance may become due in the future on the obligation for which the foreclosure is had.

Affirmed.

WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.