JOSEPH S. JOHNSTON, *et ux.*, v. WILLA MAY JOHNSTON, as Administratrix of the Estate of William M. Johnston, deceased.

165 So. 698.

Division B.

Opinion Filed January 14, 1936.

Rehearing Denied February 21, 1936.

*Maxwell & Cobbey,* for Appellants;

*D. C. McMullen,* for Appellee.

TERRELL, J.—This appeal is from a decree permitting an amended bill of complaint to be filed after the evidence was all in and then denying a motion to dismiss, the essential question being that the amended bill constituted a departure in pleading.

The record and briefs of counsel have been examined and while there are immaterial differences in verbiage and construction the ultimate purpose of both the original and the amended bill of complaint is identical and this is the test on which the question of departure must turn. The amended bill was made necessary by reason of lack of allegations in the original bill and such amendments are permissible under our practice. Wordinger v. Wirt, 112 Fla. 822, 151 So. 47; Zetrouer v. Zetrouer, 110 Fla. 312, 149 So. 343; Biscayne Realty & Ins. Co. v. Ostend Realty Co., 109 Fla. 1, 148 So. 560; Richmond v. Irons, 121 U. S. 27, 7 Sup. Ct. 788, 30 L. Ed. 864; 10 R. C. L. 494.

Other assignments have been examined and in the light of the equities shown are totally without merit. To exemplify them and the facts out of which they arise would require a long opinion that would amount to nothing more than an exemplification of our skill at the old game of logomachy for which courts and brief writers have too often indulged their fondness. Deference to laconics now and then is refreshing.

The chancellor was well within his discretion in permitting the amended bill to be filed and we are cited to no instance in which he otherwise overlooked the inherent justice of the cause. His judgment is, therefore, affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.

DAVIS, J. (concurring).—It appears that this whole case is the outgrowth of an attempt by Wm. Johnston to defeat judgment in a tort suit against him brought for the wrongful death of a minor. See Weeks v. Johnson, 85 Fla. 248, 95 Sou. 670. The conveyancing of property to "beat the law" as was done in this case by William M. Johnston in an effort to prevent the collection of a possible judgment against him for the alleged wrongful death of a child has little to commend itself to the consideration of a court of equity where relief is sought from the transaction. However, since the Chancellor's conscience is satisfied about the matter I see no occasion for reversal in view of the equities as a whole the Chancellor appears to find.

### ON PETITION FOR REHEARING.

TERRELL, J.—On petition for rehearing we are urged to rule on several questions, some of which were ruled on by the court below and some were not. It is sufficient to say that all questions brought up on appeal from rulings of the chancellor were in effect settled in our former opinion and since the ruling of the chancellor was affirmed they were settled contrary to the contention of appellant. The fact that some questions raised were not discussed in the opinion is no ground to assume they were not considered.

As to questions brought up not ruled on by the chancellor, our former opinion was not conclusive and we must decline to rule on them now as the presumption is that the chancellor will settle them correctly and if they arise in further proceedings in the cause anything said now would not necessarily be conclusive of them.

Rehearing denied.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.