344 So.2d 614 (1977)
Leon F. ADKINSON and Wife Eveline D. Adkinson, Appellants,
v.
Anne NYBERG, Appellee.
No. 76-1682.
District Court of Appeal of Florida, Second District.
April 6, 1977.
*615 David C. Park of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellants.
Robert S. Edwards of Edwards, Sawyer & White, Plant City, for appellee.
SCHEB, Judge.
Appellee, plaintiff below, is a vendor under an agreement for deed. She sought to foreclose, contending that upon default by her vendees in making required monthly payments the entire balance became due despite the fact that the agreement did not contain an acceleration clause. The trial judge agreed and entered a partial summary judgment declaring all indebtedness due and payable to the plaintiff. In this interlocutory appeal, the appellants, who were defendants below and the vendees under the agreement, seek reversal of that judgment. We agree with appellants and reverse.
The original vendees, Mr. & Mrs. Shuptrine, entered into an "Agreement for Deed" for purchase of a house from the plaintiff and her husband in 1971. In 1972 the Shuptrines assigned their rights under that agreement to the defendants, Mr. & Mrs. Adkinson, who then took possession of the property and assumed the obligation to pay the remaining sums due under the contract.
The agreement as pertinent to this appeal stipulates as follows:
... And in case of failure of the [vendees] to make any of the payments or any part thereof, or to perform any of the covenants on their part hereby made and entered into, this contract shall, at the option of the [vendors], be forfeited and terminated, and the [vendees] shall forfeit all payments made by them on this contract; and such payments shall be retained by the [vendors] in full satisfaction and liquidation of all damages by them sustained, and the [vendors] shall have the right to re-enter and take possession of the premises aforesaid without being liable to any action therefor.
Additionally, the agreement provides that "the time of each payment shall be an essential part of the contract."
Plaintiff, as surviving tenant by entirety of the agreement, brought suit to foreclose her rights thereunder. She alleged that as a result of the defendants' default in making required monthly payments, the entire principal had become due and payable. The "Agreement for Deed" is essentially an installment contract for the sale of real estate with an agreement to convey the same by the vendors. The agreement includes a covenant by the vendees to pay $10,000 in installments of $95 per month, the payments to be credited to real estate taxes, insurance, and interest at the rate of 8 1/2% per annum, in that order, with the balance to apply to principal. The trial court found the defendants had defaulted in two monthly payments and entered a partial summary judgment for the plaintiff for the total unpaid principal of $9,150.76, interest to the date of the judgment in the amount of $602.90 and costs of $103.50.
As we pointed out in H & L Land Company v. Warner, 258 So.2d 293 (Fla. 2d DCA 1972), this type of contract is essentially a security instrument which takes the place of the more traditional purchase money mortgage. Being in essence a mortgage, the enforcement of this form of contract is governed by the rules applicable to mortgage foreclosures. Section 697.01, Florida Statutes; Mid-State Investment Corporation v. O'Steen, 133 So.2d 455 (Fla. 1st DCA 1961).
The contract before us contains no provision for acceleration of the indebtedness *616 upon default in payments due thereunder. Absent such a provision, failure of a vendee to comply with a covenant does not accelerate maturity of the obligation due the vendor. 22 Fla.Jur. Mortgages Section 212 (1958). Since remedies to enforce payments due under an agreement for deed are treated differently than as agreed to in this contract, the plaintiff argues that the forfeiture provisions should be interpreted to grant a right of acceleration of the unmatured balance due. This, says plaintiff, would provide a satisfactory substitute remedy for the right of forfeiture and reentry agreed upon by the parties. Admittedly, the plaintiff had the right to declare the contract in default when payments were not made as agreed upon. However, we reject the plaintiff's argument that this should be treated as equivalent to the right to declare unmatured principal payments due. That provision merely gives the plaintiff the right to bring action for payments then due, or to foreclose her security interest for those amounts against the property securing the debt.
Plaintiff further argues that the foreclosure without an acceleration of the entire debt may pose difficult and even unsolvable problems in respect to rights of redemption and the foreclosure sale. We disagree. While security agreements without acceleration clauses are no longer common in modern real estate dealings, there are no insurmountable problems in foreclosure of less than total amounts of indebtedness under security agreements. The same principles applicable to a foreclosure of a mortgage of like character should prevail. Specifically, the court determines the amount of principal, interest, and costs and enters a judgment of foreclosure directing the property be sold to satisfy the amount due, the sale being subject to payment by the purchaser of the full balance to become due under the agreement for deed. See Wordinger v. Wirt, 112 Fla. 822, 151 So. 47 (1933). Of course, the vendees' right to redeem would be protected just as in a traditional foreclosure of mortgage. Robbins v. Blanc, 105 Fla. 625, 142 So. 223 (1932).
The partial summary judgment awarded plaintiff is vacated and the cause is remanded for further proceedings consistent with this opinion. On remand the plaintiff should be allowed to amend her pleading to claim any sums then due under the agreement. Defendants should be allowed to appropriately amend their answer.
Reversed.
HOBSON, A.C.J., and OTT, J., concur.