622 So.2d 22 (1993)
Richard M. KUBANY and Patricia Alan Kubany, his wife, Appellants,
v.
Shirley D. WOODS, Appellee.
No. 92-02969.
District Court of Appeal of Florida, Second District.
July 2, 1993.
Rehearing Denied August 19, 1993.
*23 Larry B. Roberts, Largo, for appellants.
Patrick F. Gaffney of Peacock & Gaffney, P.A., Clearwater, for appellee.
RYDER, Acting Chief Judge.
Richard M. Kubany and Patricia Alan Kubany seek review of an order entered against them below granting final summary judgment and assessing attorney's fees and costs in this foreclosure action. We reverse.
The facts are not disputed. On October 1, 1974, the Kubanys, as purchasers, and the Woods, as sellers, executed an agreement for deed for a residential property located in Pinellas County. The Kubanys agreed to a purchase price of $47,500.00 and paid $4,750.00 as a down payment; the balance of $42,750.00 plus 9% interest was to be paid in equal monthly installments of $358.76 beginning October 1, 1974 and continuing until the unpaid principal balance equalled $28,500.00. When the unpaid principal balance equalled $28,500.00, the agreement provided that the seller shall convey title to the purchaser by warranty deed, and the purchaser shall give the seller a purchase money first mortgage in the amount of $28,500.00 with 9% interest and amortized over 144 equal monthly installments. In the event of default, the purchaser was to forfeit all payments made as liquidated damages. The agreement further provided that the purchaser execute on October 1, 1974 a quitclaim deed to the seller and authorized the seller to record the quitclaim deed in the event of default after first providing reasonable notice to the purchaser. The agreement did not contain an acceleration clause. The purchaser agreed to be liable for reasonable attorney's fees, court costs and expenses necessary to enforce the agreement in the event of default. The agreement for deed was promptly recorded in October 1974.
Prior to March 1992, the Kubanys had paid the principal balance below $28,500.00, but no warranty deed was delivered. Mrs. Woods demanded that payments continue under the agreement, and when they did not, she filed suit for foreclosure.
The complaint alleged the Kubanys' failure to make any payments since November 20, 1991 and elected to accelerate the entire balance. The prayer demanded foreclosure, an accounting, reasonable attorney's fees and costs and a judicial declaration that the agreement is a first and paramount lien on the property. Mrs. Woods also asked that the court appoint a receiver. The Kubanys denied the allegations and raised four affirmative defenses. They pleaded failure to state a cause of action because the agreement contained no acceleration clause, payment, estoppel and res judicata.
*24 Both parties moved for summary judgment. The Kubanys argued first that the arrearage and costs had been paid into the registry of the court. Second, they contended that acceleration of the balance was incorrect based upon Adkinson v. Nyberg, 344 So.2d 614 (Fla. 2d DCA 1977). Finally, they asserted that the tender of a warranty deed was a condition precedent to further payments to be made under a purchase money mortgage because the principal balance was less than $28,500.00.
Before the summary judgment hearing, Mrs. Woods's counsel filed a copy of a proposed warranty deed, purchase money first mortgage and promissory note and advised that she was ready, willing and able to transfer the warranty deed upon replacement of the agreement for deed with a note and mortgage. The form documents contained standard acceleration language. Her counsel declared by affidavit that he had tried to have the promissory note executed by the Kubanys, but that they had never requested a copy of the deed.
After a hearing, the court entered a judgment for Mrs. Woods in the amount of $4,322.10 which included amounts due, attorney's fees of $750.00 and costs. The court also found that the Woods had paid the sum of $4,998.34 into the registry of the court. This appeal ensued.
At argument on the Kubanys' motion to stay pending review, Mrs. Woods's counsel offered to tender a warranty deed, purchase money mortgage and promissory note without acceleration language. The Kubanys' counsel stated that they would talk about it. Apparently, no agreement was reached.
This agreement for deed is treated under Florida law as a mortgage and is subject to the same rules of foreclosure. § 697.01(1), Fla. Stat. (1991); Adkinson at 615. We agree with appellants that a default does not accelerate the maturity of the obligation absent an acceleration clause. Adkinson. However, Mrs. Woods's counsel conceded this point at the hearing, and the trial court's final judgment did not reflect an accelerated amount of arrearage.
This agreement, however, provides that the Woods shall convey title to the Kubanys by warranty deed in exchange for a purchase money first mortgage in the amount of $28,500.00. A mortgage cannot be enforced on any other basis than that on which it was given. Walter J. Dolan Properties v. Vonnegut, 133 Fla. 854, 184 So. 757 (1938). The trial court made no findings concerning the payment of the principal balance down to $28,500.00 as a condition precedent to additional payments. We hold that there was no breach by the Kubanys after their payments reduced the principal balance to less than $28,500.00. Thus, no default has occurred.
It is, however, abundantly clear that the full amount of $42,750.00 was intended to be repaid and that the parties did not anticipate that no further payments would be due if the Kubanys were unable to give a purchase money first mortgage. It is also equally clear that the parties intended that a warranty deed be delivered in exchange for a first mortgage.
"A new mortgage given as a renewal of an old mortgage can take priority over an intervening mortgage." Resolution Trust Corp. v. Niagara Asset Corp., 598 So.2d 1074, 1077 (Fla. 2d DCA 1992), citing Federal Land Bank of Columbia v. Godwin, 107 Fla. 537, 145 So. 883 (1933).
However, in determining whether a second mortgage is taken as a renewal or in payment and satisfaction of the first mortgage, the court must look to the intent of the parties. The court must also consider whether the parties are the same and whether the mortgage is taken on the same land and for the same amount, except interest and costs.
Resolution Trust at 1077.
We, therefore, reverse the final judgment of foreclosure and remand for further proceedings to determine whether the Kubanys can satisfy the condition precedent of delivering a purchase money first mortgage in exchange for the warranty deed.
*25 Appellants also contend that the trial court erred in awarding attorney's fees without making the requisite findings of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). We agree. See, e.g., Freedom Savings and Loan Association v. Biltmore Construction Co., Inc., 510 So.2d 1141 (Fla. 2d DCA 1987).
Finally, appellants challenge the trial court's denial of attorney's fees and costs under section 57.105, Florida Statutes (1991), on the ground that there was a complete absence of justiciable issue of either law or fact raised by the complaint. We find no error in the trial court's ruling that they were not entitled to an award under section 57.105 for their attorney's services in the trial court.
Affirmed in part, reversed in part and remanded.
PARKER and PATTERSON, JJ., concur.