PATTERSON, Judge.
In this second appeal, Shirley Woods challenges a final summary judgment and a restitution order in favor of Richard and Patricia Kubany in Woods’ action to foreclose an agreement for deed.[1] Because the trial court failed to comply with our previous mandate in Kubany v. Woods, 622 So.2d 22 (Fla. 2d DCA), review denied, 629 So.2d 133 (Fla.1993), we reverse and remand for further proceedings.
Appellant Shirley Woods and her husband (who is now deceased) sold a home to appel-lees Richard and Patricia Kubany on an agreement for deed which was recorded on October 3,1974. The original total indebtedness under the agreement for deed was $47,-500. The agreement provided that when the indebtedness was paid down to $28,500, it would be replaced by a warranty deed in exchange for a purchase money note and first mortgage. The agreement did not contain an acceleration clause. After entering into the agreement for deed, the Kubanys had numerous judgments entered against them.
Before Woods filed the initial foreclosure action on March 4, 1992, the remaining principal balance was $24,311.54. No exchange of a warranty deed for a purchase money first mortgage had occurred. When Woods demanded further payments and received none, she filed the foreclosure action. On July 22, 1992, the trial court granted her motion for summary judgment and foreclosed the agreement for deed for the unpaid monthly installments. The Kubanys appealed, and this court reversed and remanded for the trial court to determine if the Kubanys could meet the condition precedent of providing a first purchase money mortgage.
While Kubany was pending in this court, Woods filed another foreclosure action based on the Kubanys’ failure to make monthly payments after a warranty deed and title commitment were placed in escrow. The trial court subsequently consolidated the two foreclosure actions. In a motion for summary judgment, the Kubanys contended that this court’s opinion in Kubany prevented Woods from now maintaining a foreclosure action on the agreement for deed as a lien-creating instrument. The trial court granted the Kubanys’ motion and entered final summary judgment in the Kubanys’ favor. The Kubanys then filed a motion for restitution of payments they made during the foreclosure and appeal, which the trial court granted. Woods now appeals the final summary judgment and the restitution order.
The trial court misinterpreted this court’s mandate in Kubany. In Kubany, we stated:
The trial court made no findings concerning the payment of the principal balance down to $28,500.00 as a condition precedent to additional payments. We hold that there was no breach by the Kubanys after their payments reduced the principal balance to less than $28,500.00. Thus, no default has occurred.
It is, however, abundantly clear that the full amount of $42,750.00 was intended to be repaid and that the parties did not anticipate that no further payments would be due if the Kubanys were unable to give a purchase money first mortgage. It is also equally clear that the parties intended that a warranty deed be delivered in exchange for a first mortgage.
Kubany, 622 So.2d at 24. Thus, this court remanded with directions that the trial court “determine whether the Kubanys can satisfy the condition precedent of delivering a purchase money first mortgage in exchange for the warranty deed.” Kubany, 622 So.2d at 24. On remand, the trial court never addressed this issue.
*262 Our determination that no more monthly-payments were due under the agreement for deed was not to be interpreted as a holding that the entire debt was extinguished. Ku-bany does not bar foreclosure of the agreement for deed. If the Kubanys can give a purchase money first mortgage in exchange for a warranty deed, then they are not in default under the agreement for deed and foreclosure would not be available. If, on the other hand, the Kubanys cannot deliver the mortgage, they breached the agreement for deed, and foreclosure on the remaining balance would be appropriate.
Thus, we reverse the final summary judgment and subsequent restitution order with directions that on remand the trial court hold an evidentiary hearing in compliance with this opinion and Kubany.
Reversed and remanded.
DANAHY, A.C.J., and LAZZARA, J., concur.

. Woods also appeals from the denial of her motion- for summary judgment; however, that order is not a final order and it is not an appeal-able interlocutory order. See Fla.R.App.P. 9.130.