V. D. S. WILKINS AND WIFE, ALLIE JEANETTE WILKINS, *Appellants,* v. BANK OF COMMERCE, A CORPORATION, *Appellee.*

Division B.

Opinion Filed January 26, 1928.

Petition for Rehearing Denied June 16, 1928.

*Kay, Adams, Ragland & Kurz,* for Appellants;

*Mabry, Reaves & Carlton,* for Appellees.

WHITFIELD, P. J.—In a suit to enforce a mortgage lien upon the interest of Allie Jeanette Wilkins, a married woman, in real estate, the bill of complaint alleges that V. D. S. Wilkins, being indebted to J. B. Charles in the sum of $13,500.00, by his certain promissory note now overdue, for value received, promised to pay to the order of said J. B. Charles the sum of $13,500.00; that to secure the payment of the said note, V. D. S. Wilkins and Allie Jeanette Wilkins made, executed and delivered a mortgage deed to J. B. Charles, the mortgage covering an undivided 2/9 interest in described real estate; that J. B. Charles assigned the mortgage to the Bank of Commerce, the complainant. The note and mortgage were made by V. D. S. Wilkins and Allie Jeanette Wilkins. Default in payment is alleged and enforcement is prayed by the complainant bank.

By answer V. D. S. Wilkins and his wife, Allie Jeanette Wilkins, aver: "That it is true that on the 25th day of June, A. D. 1924, the defendant V. D. S. Wilkins executed his one certain promissory note in writing whereby he promised to pay to the order of J. B. Charles on or before one year, thirteen thousand five hundred (13,500.00) dollars, and to secure the payment of said note the said V. D. S. Wilkins and his wife, Allie Jeanette Wilkins, made, executed and delivered the mortgage deed to the said J. B. Charles conveying an undivided one-half interest in and

to the land described in complainant's bill of complaint and being the property of the said Allie Jeanette Wilkins; and these defendants further admit that the said J. B. Charles assigned, transferred and set over to the said bank all the said notes and mortgage, but these defendants deny that said V. D. S. Wilkins was then and there indebted to the J. B. Charles in the sum of thirteen thousand five hundred (13,500.00) dollars, and further deny that the said J. B. Charles for value received transferred, assigned and set over the said mortgage and note to the Bank of Commerce; and that the said note and mortgage as aforesaid executed was made to the order of said J. B. Charles upon the suggestion of the said Bank of Commerce, and in accordance with said suggestion, the said J. B. Charles did assign and set over said note and mortgage to the said Bank of Commerce without consideration; that the cause for giving of said note was a loan secured by said Allie Jeanette Wilkins from said Bank of Commerce, amounting to the sum of thirteen thousand, five hundred (13,-500.00) dollars, and the proceeds from the said note and mortgage so made, executed, and delivered and transferred to the Bank of Commerce credited by the said Bank of Commerce to the account of the said Allie Jeanette Wilkins; and that before the Bank of Commerce did grant the said loan it required the said Allie Jeanette Wilkins to pay in advance the interest on said note at the rate of eight per cent. (8%) per annum for one year, and in addition thereto the sum of three thousand, five hundred seventy dollars and sixty cents ($3,570.60) as the bonus, so-called, of the said Bank of Commerce in making said loan, which said payment was made by check of the said Allie Jeanette Wilkins upon her account.''

Other averments of the answer need not be stated.

An appeal was taken from a decree for complainant.

It appears that the transaction was with the bank, J. B. Charles being a medium for making the mortgage; that the bank credited Mrs. Wilkins with $13,500.00, less interest $1,082.70, making a net deposit to Mrs. Wilkins' account of $12,417.30. At the same time Mrs. Wilkins gave the bank a check for $3,570.60, which was charged against Mrs. Wilkins' account. On the back of the check are indorsements in pencil:

> "1,500.00 note
> 1,780.57      "
>   271.33 interest
>    18.70 new int. 928.00
> _____
>
> 3,570.60"

It does not clearly appear that the check for $3,570.60 was given by Mrs. Wilkins to pay notes of her husband due to the bank. The pencil endorsements on the check were not explained by officials of the bank in whose interest the endorsements were made; and the testimony does not show that Mrs. Wilkins intended her check for $3,570.60 as payment of her husband's notes and not as a bonus for making the loan, the latter affecting the issue of usury. "Where there is such an insufficiency of evidence as to leave a material point in controversy uncertain and such a point is covered by the pleadings and it affirmatively appears that additional evidence is available and justice seems to require a more complete development of the rights of the parties under the law, the cause may be remanded with direction to take further evidence on such point." Fleischer v. Va. Carolina Chemical Co., 82 Fla. 50, 89 So. 401.

Reversed for appropriate proceedings.

TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND BROWN, J., concur in the opinion and judgment.

STRUM, J., absent because of illness.