ARCADIA CITRUS GROWERS ASSOCIATION, a corporation, and W. E. LEITNER, GEORGE and SUMTER LEITNER, doing business as Leitner & Leitner, Intervenors, v. JUANITA T. HOLLINGSWORTH, administratrix of the estate of J. N. Hollingsworth, deceased, *et al.*

185 So. 431.
Opinion Filed December 7, 1938.
Rehearing Denied January 13, 1939.

*Leitner & Leitner,* for Appellants;

*John B. Singeltary,* for Appellees.

BROWN, J.—This is the second appearance of this cause in this Court. See Hollingsworth v. Arcadia Citrus Growers Association, 122 Fla. 90, 165 So. 369.

The amended bill of complaint alleges that Arcadia Citrus Growers Association obtained a judgment against Juanita T. Hollingsworth, as administratrix of the estate of J. N. Hollingsworth, deceased; that this judgment was obtained

on a note; that the note in question was assigned by J. N. Hollingsworth to his wife, the defendant, Juanita T. Hollingsworth, but was assigned at a time when the said J. N. Hollingsworth was absolutely insolvent and was a fraud upon all of his creditors. The amended bill was in the nature of a creditor's bill.

The defendant, Juanita T. Hollingsworth, filed two answers, one in her individual capacity and the other as administratrix of her deceased husband's estate. Her separate answer contained the following allegations:

"Further answering said Bill of Complaint this defendant shows unto the Court that said alleged judgment is further void for a want of jurisdiction over the said defendant, Juanita T. Hollingsworth, as administratrix, because and for the reason that the original summons *ad respondendum* was in accordance with the praecipe and directions of the firm of Leitner & Leitner, attorneys for the complainant, Arcadia Citrus Growers Association, issued by the Clerk of said Court on the 24th day of February, 1928, and made returnable to the 1st Monday in March, 1928, and this defendant shows unto the court that the first Monday in March, 1928 was the 5th day of said month, and that ten days did not intervene between the issuance of said summons and the return day as required by statute. That said summons as issued was issued by said Clerk without statutory authority and contrary to the statute and void, and that the pretended service upon the said defendant as endorsed and written on said summons requiring the said administratrix to appear to a day prior to the date as fixed by the statute was likewise void."

Practically the same allegations are found in the answer of Juanita T. Hollingsworth as administratrix.

The plaintiffs filed motions to strike parts of the answers. The Court struck some parts of the answers, but

left standing that part of the answers above quoted. The plaintiffs appealed, assigning sixteen errors.

The only question necessary to be determined on this appeal is whether a final judgment, entered by the Clerk upon a default, is null and void and subject to collateral attack when defendant was properly served and everything was done in accordance with law, save and except that ten days did not intervene between the issuance of the summons and the return day thereof. The lower Court held the judgment to be void. This we deem to be the only meritorious question involved in this appeal.

Section 4236, Compiled General Laws of Florida, 1927, provides:

"All writs of process, upon the institution of any suit, shall be made returnable to the next rule day thereafter, unless there shall not be ten days intervening between the day of the issuing of the same and the next rule day, in which case the same shall be made returnable to the rule day in the next succeeding month: Provided, however, that the provisions of this section shall not apply to writs of quo warranto, habeas corpus, mandamus and prohibition, which said writs shall be returnable at such time as the court may direct."

The word "between," when used in speaking of the period of time between two certain days, generally excludes the days designated as the commencement and termination of such period. Hodges v. Filstrup, 94 Fla. 943, 114 So. 521. It follows that the summons should have been issued on Thursday before the Thursday before the Rule day to which the summons is made returnable. The writ in question being applied for and being issued by the Clerk on Friday, February 24, 1928, and the next Rule Day thereafter being the 5th day of March, ten days did not intervene between the March Rule Day and the date of the issuance

of said Writ, and Section 4236, *supra*, was not complied with.

Section 4237 of the Compiled General Laws of Florida, 1927, provides:

"All process, upon the institution of a suit, shall be served at least ten days before the rule day to which it is made returnable."

Where an act is to be performed within a specified period of time the general rule for the computation of such period is to exclude the first day of the period and include the last day. Croissant v. DeSoto Improvement Co., 87 Fla. 530, 101 So. 37. It follows that the summons in the case at bar was properly served on the Friday before the Thursday before the Rule Day to which the summons was made returnable, and Section 4237, *supra*, was complied with.

Every judgment must contain three jurisdictional elements: namely, jurisdiction of the subject matter; jurisdiction of the person; and the power or authority to render the judgment. Freeman on Judgments, Vol. I, Sec. 226, p. 444. It is admitted that the Court had jurisdiction of the subject matter, and the actual service of the summons upon the defendant within the time prescribed by Section 4237, C. G. L., was sufficient to give the Court jurisdiction of the person. Therefore, the sole question to be determined is whether or not the Clerk had the power or authority to render the judgment when the summons was not issued in accordance with the provisions of Section 4236, *supra*.

Section 4285, Compiled General Laws of Florida, 1927, confers authority upon the Clerk of the Circuit Court to enter a default against a defendant for failure to appear, or to plead or demur, within the time required by law, and under Section 4288 the Clerk may proceed to enter final judgment in certain cases. The authority and jurisdiction

thus conferred upon Clerks is purely statutory and must be strictly construed. Cosmopolitan Fire Ins. Co. v. Boatwright, 59 Fla. 232, 51 So. 540; Holder Turpentine Co. v. Kiser, 68 Fla. 312, 67 So. 85.

The power of a Clerk of the Court to enter a default and final judgment is similar to, and comparable with, the power of the Court to obtain jurisdiction of the person by publication. That is to say, both are creatures of the statute; both are dependent on a strict compliance with the statute for validity; and both are dependent on a strict construction of the statutes for their validity.

In Mabson v. Mabson, 104 Fla. 162, 140 So. 801, a wife brought a bill in the nature of a bill of review in a divorce proceeding alleging that the decree of divorce was void because the return day was only twenty-seven days from the date of the order for constructive service, and that the period of newspaper publication of such notice was therefore not in strict accord with Florida statutes regulating same. At the time of the institution of the divorce suit, notice of same was duly mailed to the wife in New York. She admits that she received such notice, but she did not appear in the divorce proceedings. The Court said:

"This Court is committed to the doctrine that statutes authorizing constructive service of process by publication should be strictly and exactly pursued in order to give a court jurisdiction to render a judgment by default against a party who does not appear or plead in the case and that this principle has a special application in proceeding under constructive notice by publication in divorce cases. Shrader v. Shrader, *supra*. In this case we do not depart from that rule."

"In this case every detail of the constructive service statute was followed to the letter of the law, except one elapsed day following the last publication and the return day. The

bill of complaint was properly filed. The case was one in which the complainant was entitled to an order for constructive service. The affidavit was sufficient to support such an order and the order itself was properly made. The bill of complaint was filed on April 5, 1927, and the return day was May 2, 1927. The final decree was not entered until May 4, 1927. The order, as made, was duly published in the Polk County Record in Polk County on the following dates: April 5th, 12th, 19th, and 26th, all of which was duly established in the record before the court entered its final decree. To all of these proceedings the only objection which the defendant has been able to find is that May 2nd, the return day named in the order for constructive service, is twenty-seven and not twenty-eight days from April 5th, as it should have been to constitute a *strict* compliance with the statute. And this objection is attempted to be asserted by a bill of review long after it should have been urged by the present objector.

"The writer is of the opinion that the statute was *substantially* complied with because the defendant was actually and personally served by mail with notice of the institution of the suit and admits receiving such notice in fact."

"A defendant may waive defects in attempted service, whether the process is actual or constructive. Such waiver is always implied from voluntary appearance without questioning jurisdiction, and it would seem that it may likewise be implied from other conduct of the defendant which may have the same effect. This court has held that where the defendant is actually served with process which may be defective in form, or subject to the objections that may be waived by the defendant, that the defendant cannot with impunity ignore the actual service of the kind of notice which he has received, but must ordinarily submit his objections in this regard to the court from which the process issued

in order to take advantage of them. Walker v. Carver, 93 Fla., 337, 112 Sou. Rep. 45."

The objects to be accomplished by process are to advise the defendant that an action or proceeding has been commenced against him by plaintiff, and warn him that he must appear within a time and at a place named and make such defense as he has, and in default of his so doing, that judgment against him will be applied for or taken in a sum designated, or for relief specified. Freeman on Judgments, Vol. I, Sec. 341, p. 692. The summons in this case accomplished these purposes.

The defendant was properly served. She was given ten days notice of the suit, but she ignored service and now attacks the judgment collaterally. We are of the opinion that the judgment is not void and is not subject to collateral attack. The paragraphs in the answers setting up the nullity of the judgment as a defense should have been stricken.

For the error pointed out, the orders appealed from are hereby reversed and remanded for further proceedings not inconsistent with the views herein expressed.

TERRELL, C. J., and WHITFIELD, BUFORD, and CHAPMAN, J. J., concur.

WHITFIELD, J. (concurring)—The substance of sections 4236 (2596) and 4237 (2597) C. G. L., providing for the *issue* and for the *service* of process, was first enacted in the Act of November 23, 1828. See page 27 *et seq.*, Acts of 1828.

By an amendment in section 5, Chapter 1938, Acts of 1873, and Chapter 5148, Acts of 1903, process when issued should be made returnable, not to the next term of the court as originally, under the act of 1828, section 5, but as it now is, "to the next rule day thereafter, unless there shall not be

ten days intervening between the day of the issuing of the same and the next rule day, in which case the same shall be made returnable to the rule day in the next succeeding month." Smith v. Bowden, 23 Fla. 150, 1 So. 173.

The provision that process "shall be served at least ten days before rule day to which it is made returnable" remains as originally enacted in 1828 and as the time of ten days' service before appearance is required, rather than the return day of·the writ, more directly bears upon the acquisition of jurisdiction of the defendant, the provision as the time of service should control the construction of the two cognate provisions of the statute. This makes mandatory the provision that process "shall be served at least ten days before the rule day to which it is made returnable," while the provision that process when issued "Shall be made returnable to the next rule day thereafter, unless there shall not be ten days intervening between the day of the issuing of the same and the next rule day," is directory. This seems to have been the rule of practice in some if not all the circuit courts of the State and it accords with reason in the service of process to acquire jurisdiction of a defendant in a cause.

If the amendment by Chapter 1938, Acts of 1873, intended the return day of process when issued to be at least ten whole days *after* the day of the issue, and not on the tenth day after issuance, it is *quite probable* that this was done to enable the *service* of the process to be made "at least ten days before the rule day to which it is *made returnable*," since in 1873 some of the counties of the State were so large in area and the means of travel to serve process were so slow and difficult that service of process then could not always be made the same day it was issued.

However, it seems clear that as *service* of process ten days before appearance required, and not the date of the *issuing* of the process, more vitally affects the securing of jurisdic-

tion of a defendant in a cause, the essential statutory provisions as to *time of service of process* before appearance day, should be held controlling and m indatory, and any doubtful or inconsistent provision as to the date of issuing the process before the *return day stated in the process* should be held to be directory and not to *ipso facto* render *service duly made* ineffectual to acquire jurisdiction of the defendant and to make void a final judgment if the defendant did not appear in the cause.