JUANITA T. HOLLINGSWORTH, as Administratrix of the Estate of J. N. Hollingsworth, Deceased, and JUANITA T. HOLLINGSWORTH, individually, v. ARCADIA CITRUS GROWERS ASSOCIATION, a corporation, W. E. LEITNER, GEORGE LEITNER, and SUMTER LEITNER, doing business as LEITNER & LEITNER; Intervenors; SOUTH FLORIDA SECURITIES INC., a Florida corporation, and B. F. WELLES, R. O. TURNER and ELMER GARNER, as Trustees, and R. O. TURNER and ELMER GARNER, as Surviving Trustees.

18 So. (2nd) 159          January Term, 1944
April 11, 1944          Division A
Petition for Rehearing Denied June 12, 1944

*John B. Singletary* and *Harry H. Wells,* for appellants.

*Leitner & Leitner* and *Treadwell & Treadwell,* for appellees.

CHAPMAN, J.:

On March 13, 1928, the Arcadia Citrus Growers Association, a corporation, obtained a judgment in the Circuit Court of DeSoto County, Florida, in the sum of $4,549.17 against Juanita T. Hollingsworth, as Administratrix of the Estate of J. N. Hollingsworth, deceased. The administratrix subsequently brought a suit in equity, having as its objective a cancellation or an annulment of the judgment, on the theory that the representative defendant in the common law action had never been served with process and for said reason the Court was without jurisdiction to enter the aforesaid judgment. The equity suit reached this Court and we held that the judgment in the common law action was lawfully entered and that the Court at the time had jurisdiction of the administratrix, Juanita T. Hollingsworth. See Arcadia Citrus Growers Ass'n. v. Hollingsworth, 135 Fla. 322, 185 So. 431.

The Arcadia Citrus Growers Association, on April 24, 1929, filed a creditors bill against Juanita T. Hollingsworth,

as Administratrix of the Estate of J. N. Hollingsworth, deceased, Juanita T. Hollingsworth, individually, and B. F. Welles, R. O. Turner and Elmer Garner, as trustees. The bill of complaint alleged, in part, that its claim against the Hollingsworth estate had been reduced to judgment and the same was unsatisfied or unpaid and no property appeared of record in the name of J. N. Hollingsworth or could be found out of which to satisfy or pay the execution based on said judgment. That deceased, at the time of his death on February 25, 1926, owned a large and valuable estate.

It was further alleged that the deceased owned, at the time of his death, an interest in a mortgage given by Hollingsworth Brothers to B. F. Welles, W. H. Seward and T. B. King, as Trustees for Hollingsworth Brothers, for a sum of over thirty thousand dollars, and the mortgage was made by the Hollingsworth Brothers to the Trustees to secure the sum due J. N. Hollingsworth, now deceased, and other creditors. That the Trustees were forced and compelled to foreclose the mortgage, which was done for the creditors and the property sold for a large sum of money owed to the creditors and J. N. Hollingsworth was one. That the Trustees now hold some of said money arising from the sale of the mortgaged property of Hollingsworth Brothers.

It was alleged that Juanita T. Hollingsworth personally claimed the money in the possession of the trustees and asserted that it was not the property of the Hollingsworth Estate that the amount was not reported to the probate court as the property of the Estate, and she did not intend to use it in paying the debts of the estate, but intended to use it as her own money, thusly defeating the payment of the aforesaid judgment; that Juanita T. Hollingsworth did not own the notes secured by the mortgage or any interest therein, and the money in the hands or possession of the trustees should be applied to the payment of the judgment against the estate and not paid by them to Juanita T. Hollingsworth as the alleged owner of the notes.

An answer was filed to the creditors bill by Juanita T. Hollingsworth, individually and as administratrix, in which the material allegations of the bill were confessed or denied,

and testimony was adduced by the parties on the issues made, and on final hearing the chancellor, on June 1, 1932, decreed that the money in the hands of the trustees was the property of J. N. Hollingsworth Estate and not the individual property of Juanita T. Hollingsworth.

On appeal to this Court from the decree dated June 1, 1932, the same was reversed with directions. See Hollingsworth v. Arcadia Citrus Growers' Association, 122 Fla. 90, 165 So. 369. The following language was employed (text 122 Fla. 114):

"In view of the irreconcilable differences of opinion which may appear to exist amongst the members of this Court as to the exact character, nature and scope of the controversy presented by the pleadings and adjudicated by the chancellor in the decree appealed from, it seems to a majority of the Court that it is now appropriate to grant a further rehearing in this case, reverse and vacate the final decree appealed from without prejudice and without costs to either party, and thereupon remand the cause to the Circuit Court for reconsideration and rehearing after the making of such appropriate amendments to the pleadings and the presentation of such further evidence in the case, as the parties may desire, within a reasonable time therefor to be fixed by the Circuit Court, and that other and further proceedings be had in this cause thereafter as shall be conformable to justice and equity in the premises."

On March 26, 1936, pursuant to the mandate of this Court, the Arcadia Citrus Growers Association filed its amended bill. It was alleged that Juanita T. Hollingsworth claimed notes of Hollingsworth Brothers as a gift made during October, 1923, from her husband, J. N. Hollingsworth; that she delivered to the trustees the notes and demanded payment; that the alleged gift was a fraud perpetrated on the Arcadia Citrus Growers Association and other creditors of the late J. N. Hollingsworth, because at the time of the alleged gift J. N. Hollingsworth was insolvent and then indebted far beyond his ability to pay, or was heavily indebted and this alleged gift to his wife of the notes constituted a conveyance of the corpus of the deceased's property and the effect thereof

was to render the deceased absolutely insolvent and the alleged gift by him of the notes is unlawful and a void transaction.

The alleged gift of the notes by J. N. Hollingsworth to his wife, Juanita T. Hollingsworth, was without consideration and the gift rendered the said Hollingsworth Estate insolvent. That the acts and conduct of J. N. Hollingsworth was done with the intent to hinder and delay his creditors in the collection of their just claims and demands. That the claim of ownership by Juanita T. Hollingsworth to the notes and the money in the possession of the trustees is an unlawful transaction and void against the claims of the creditors.

That at the time of the alleged gift of the notes by J. N. Hollingsworth to his wife (during October, 1923) J. N. Hollingsworth was in an embarrassed financial condition; he was not able to pay his debts; the alleged gift disposed of the greater portion of the property owned by him and the only property owned by him not then incumbered, and the effect of the alleged gift was to hinder and delay the collection of the judgment obtained by the Arcadia Citrus Growers Association, and if the gift is upheld the claims and demands of the creditors of J. N. Hollingsworth will remain unpaid, inclusive of the aforesaid judgment.

The answer of Juanita T. Hollingsworth, administratrix, denied each of the relevant and material allegations of fraud appearing in the creditors bill, and represented that at the time of the gift of the notes to her by her husband J. N. Hollingsworth was solvent; that she owned the notes individually and the same were not the property of the J. N. Hollingsworth Estate; that she, as administratrix, was made a party to the foreclosure suit by the trustees against Hollingsworth Brothers; that all the creditors of Hollingsworth Brothers presented and filed proof of claims in the foreclosure suit; that she, individually, presented to the court the notes and claimed ownership thereof; that the notes were endorsed to her by J. N. Hollingsworth and the same became her individual property. She answered further to the effect that

the ownership of the notes was placed at rest by the final decree of the court dated February 12, 1929.

Additional testimony was taken by the respective parties in support of the issues made by the pleadings and amendments thereto and upon argument of counsel the chancellor below concluded and held that the equities of the cause were with the plaintiff below, and at the time of the alleged gift of the notes J. N. Hollingsworth was indebted far beyond his ability to pay and the attempted conveyance of the notes by the husband to the wife was fraudulent; made in derogation of the rights of creditors; that the transfer was void and Juanita T. Hollingsworth, individually, acquired no rights in and to the notes or either of them. An appeal has been perfected here and twelve questions posed for adjudication.

. It is contended that the amendment as made by the plaintiff below pursuant to our order of reversal and holding in Hollingsworth v. Arcadia Citrus Growers Association, 122 Fla. 90, 165 S. 369, in effect constitutes a departure in pleading and cases are cited to sustain this contention. A broad discretion is allowed trial courts in permitting amendments to pleadings and where no settled rule of law or procedure is violated or a sound judicial discretion abused, the order allowing the amendment will ·not be disturbed. See Guggenheimer & Co. v. Davidson, 62 Fla. 490, 56 So. 801. The challenged amendment to the bill of complaint is not inconsistent with or repugnant to the original bill and the ultimate purpose of the original bill and the amendment appears to be identical. See Johnston v. Johnston, 122 Fla. 372, 165 So. 698. The amendment as made and allowed simply supplied the necessary elements of a general creditors bill and was permissible under our chancery practice.

It is next contended that the record discloses an adverse interest existing between Juanita T. Hollingsworth, individually, and Juanita Hollingsworth, as administratrix of the Estate of J. N. Hollingsworth, deceased, and therefore the law made it the duty of the chancellor below, under these peculiar conditions and circumstances, to have appointed an administrator pendente lite in the case at bar. We are unable

to sustain this contention because it has not been made to appear by the record at any point that the rights of the estate have been jeopardized for the want of a representative, although the administratrix filed an answer to the creditors bill and amendments and was represented by counsel.

It is next contended that the Arcadia Citrus Growers Association does not own the judgment previously obtained against Juanita T. Hollingsworth, as administratrix of the Estate of J. N. Hollingsworth, deceased. It is true that the record discloses an assignment of the judgment by John H. Treadwell to the First National Bank of Arcadia, or its receiver, and subsequently assigned by the First National Bank of Arcadia, or its receivers, to the South Florida Securities, Inc. The decree of the chancellor below was to the effect that the Arcadia Citrus Growers Association owned the judgment. This holding is sustained by the instrument dated September 15, 1937, and signed by the South Florida Securities, Inc., whereby it reassigned the judgment to the plaintiff below. The instrument adduced into evidence points out that after a thorough investigation it was convinced that John H. Treadwell was without authority to assign when he attempted to assign the judgment in behalf of the Arcadia Citrus Growers Association against Juanita T. Hollingsworth, administratrix, and the attempted assignment by him was an error or because of inadvertence. We have not been cited to any substantial testimony appearing in the record sufficient to sustain a *contra* view.

It is next contended that the creditors' suit should have been brought during the lifetime of J. N. Hollingsworth, or if he should die, then within two years after the issuance of letters of administration; that ten years have elapsed since plaintiff brought suit and is therefore guilty of laches, or is such a person as is barred by the statute of limitations. The basis of the judgment is a note given during the lifetime of J. N. Hollingsworth to the Arcadia Citrus Growers Association. The note was not paid during the lifetime of J. N. Hollingsworth and the latter's legal representative failed to pay same and the note was reduced to judgment about two

years after the death of J. N. Hollingsworth. On April 24, 1929, a creditors' bill was filed and a decree was entered on June 1, 1932. On appeal here the same was reversed with directions to amend the pleadings and a rehearing denied here under date of February 8, 1936. Amendments were filed by the plaintiff in the lower court on March 26, 1936, pursuant to the mandate of this Court. Appellee asserts that the creditors' suit was filed within two or three months after it was advised or information brought to its attention that Juanita T. Hollingsworth claimed the notes, individually, as a gift from her deceased husband. We fail to find merit in this contention.

It is contended that the ownership of the notes was placed at rest in Juanita T. Hollingsworth, individually, by the decree of the Circuit Court of DeSoto County, Florida, dated February 12, 1929, in the suit by the Trustees against enumerated parties in which Juanita T. Hollingsworth was a party, both individually and as administratrix. Authorities are cited to sustain the contention. We have examined the record and fail to find that the Arcadia Citrus Growers Association was ever a party to the suit. The final decree fixing the ownership of the proceeds of the notes was not binding on Arcadia Citrus Growers Association because it was not a party to the foreclosure suit brought by the trustees of Hollingsworth Brothers. See McGregor v. Providence Trust Co., 119 Fla. 718, 162 So. 323, and similar holdings. The fact that the administratrix of the late J. N. Hollingsworth was a party to the suit and decree does not *ipso facto* establish an exception to our previous holding, *supra.*

Several hundred pages of testimony was taken by the parties and placed in the record in the case at bar, and on this testimony a final decree was entered by the chancellor below. On appeal here the decree was reversed and the cause remanded, with directions to amend the pleadings and take additional testimony, which by the record appears to have been done. The case was submitted to the chancellor for the second time. The chancellor considered the testimony then in the record and all additional testimony taken after the

going down of the mandate, and on all the evidence made findings of fact expressed in the challenged final decree.

Counsel for appellant contend that it was reversible error for the chancellor to take into consideration the several hundred pages of testimony appearing in the record along with additional testimony of the parties after the pleadings had been amended. The answer to the contention is Section 92.22, Fla. Stats. 1941 (92.22, F.S.A.), and our holding in McDougald v. Imler, 153 Fla. 619, 15 So. (2nd) 418.

Careful consideration has been given to each. of the twelve questions submitted here for adjudication. The briefs of the parties have been studied and authorities not cited by counsel examined, and it is our conclusion, after reading the entire record, that reversible error had not been made to appear, and for this reason the final decree appealed from is hereby affirmed.

It is so ordered.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.